An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CLYDE LEWIS A/K/A LOUIS
RANDOLPH,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65186

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed his petition on December 2, 2013, challenging two judgments of conviction that were filed in the same case. Appellant's 1995 trial resulted in the jury being unable to reach a verdict on three counts but returning a verdict of guilty as to a fourth. A judgment of

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

Appellant also seeks to appeal from the district court's denial of his motion to proceed in forma pauperis, his motion for the appointment of counsel, and his request for an evidentiary hearing. The district court did not deny appellant's motion to proceed in forma pauperis, and appellant was thus not an aggrieved party who may seek appellate relief regarding that motion. *See* NRS 177.015. Further, we conclude that the district court did not abuse its discretion in denying the remaining motions. NRS 34.750(1); NRS 34.770.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23826

conviction was filed on December 14, 1995, and no direct appeal was taken.[2] Appellant was retried on the remaining three counts in 1997 and was convicted of all three counts. The remittitur on direct appeal from this second trial was issued on February 11, 2002.

The instant petition was filed 18 years after entry of the 1995 judgment of conviction and more than 10 years after the issuance of the remittitur on direct appeal of the 1997 judgment of conviction. Appellant's petition was therefore untimely filed. *See* NRS 34.726(1). Appellant's petition was also successive because he had previously filed post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant first argued that the ineffective assistance of trial and/or appellate counsel excused his procedural defects. Appellant's argument did not demonstrate good cause, because a claim of ineffective assistance of counsel that is itself procedurally barred cannot be good

---

[2]An untimely appeal-deprivation claim was the subject of appellant's first post-conviction petition for a writ of habeas corpus. *See Lewis v. State*, Docket Nos. 30567, 33145 (Order of Affirmance, February 7, 2001).

[3]*See Lewis v. State*, Docket Nos. 30567, 33145 (Order of Affirmance, February 7, 2001); *Lewis v. State*, Docket No. 60522 (Order of Affirmance, December 12, 2012).

cause to excuse a procedural defect. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Appellant also argued that he had good cause to excuse his procedural defects because this court consolidated his direct appeal from his 1997 judgment of conviction with his appeal from the denial of his post-conviction petition for a writ of habeas corpus challenging the 1995 judgment of conviction. Appellant's argument did not demonstrate good cause, because it failed to explain the 13-year delay between the order consolidating the appeals and the filing of the instant petition. *See id.*

Finally, to the extent appellant argued that *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), provided good cause to overcome his procedural defects, his argument was without merit. Even assuming, without deciding, that *Martinez* applies to state habeas corpus proceedings, appellant was still untimely because his petition was not filed within a reasonable time from that decision. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506. Moreover, appellant failed to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). We therefore conclude that the district court did not err in denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc:   Hon. Stefany Miley, District Judge
Clyde Lewis
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A